**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEONEL MOLINA BENAVIDES,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-08335-JLT-CDB<br><br>A-Number: 246-546-791<br><br>ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND ORDERING PETITIONER'S IMMEDIATE RELEASE<br><br>(Docs. 1, 4) |

## I. INTRODUCTION

Before the Court is Leonel Molina Benavides' request for a temporary restraining order (Doc. 4), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) For the foregoing reasons, the Court **GRANTS** the petition for writ of habeas corpus.

## II. BACKGROUND

Petitioner is from Nicaragua. He entered the United States without inspection in December 2022, and he was encountered by U.S. Border Patrol near Paso Del Norte, Texas. (Doc. 1 at 5; Doc. 8-1 at 3.) Petitioner was paroled into the county with a Form I-94 with alternative to detention as a condition of parole. (*Id.*) Following his release from detention,

Petitioner timely filed a Form I-589, Application for Asylum with the immigration court, obtained gainful employment, and complied with all the conditions of his release. (Doc. 1 at 5-6.) There is no indication that Petitioner has a criminal history or otherwise presents a flight risk or danger to the community. Yet, On or about August 26, 2026, ICE officers arrested Petitioner following a traffic stop. (Doc. 8-1 at 2; *see also* Form I-200 Warrant of Arrest, Doc. 8-3.) That same day, Petitioner was served with a Notice to Appear, charging him as removable pursuant to § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. (Doc. 8-2.) Petitioner is currently detained at the Central Valley Annex Detention Facility in McFarland, California. (Doc. 1 at 2.)

On October 13, 2026, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that his continued detention violates the Due Process Clause of the Fifth Amendment. (Doc. 1 at 16.) On October 20, 2026, Respondents filed a response to the habeas petition, asserting that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. §1225(b)(2). (Doc. 8 at 1.)

## III. LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (Doc. 1 at 16.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined

in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

## IV. DISCUSSION

Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a) governs Petitioner's detention. *See also*, *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Moreover, for the reasons articulated in those cases, the Court concludes Petitioner is re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED** for the reasons stated in the orders cited above. Petitioner **SHALL** be **RELEASED IMMEDIATELY.**

2. The motion for temporary restraining order, (Doc. 4), is **DENIED** as **MOOT**.

3. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[1];

3. The Clerk of Court is directed to serve the Central Valley Annex Detention

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.

Facility in McFarland, California, with a copy of this Order.

4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: _October 22, 2026_

UNITED STATES DISTRICT JUDGE